IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PEENYSLVANIA

| | | |
|---|---|---|
| JENNIE MCGUIRE | : | CIVIL ACTION |
| v. | : | |
| EVONIK ROHMAX USA, INC., d/b/a | : | No. 12-754 |
| EVONIK ROHMAX, et al. | : | |

**ORDER-MEMORANDUM**

AND NOW, this 4th day of September, 2013, "Defendants' Motion for Summary Judgment" (doc. no. 31) is denied.

Plaintiff Jennie McGuire sues defendants Evonik Rohmax USA, Inc. and Evonik Additives USA, Inc. (here, Evonik Rohmax) for employment discrimination and violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et seq., as amended by the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k), and the Pennsylvania Human Relations Act (PHRA),[1] 43 Pa. Consol. Stat. § 951, et seq.  Liability is also sought for violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.  Jurisdiction is federal question, 28 U.S.C. § 1331, and 42 U.S.C. § 2000e-5(f)(3), with supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367.

The Rule 56 record consists of the pleadings (doc. nos. 1-2, 6), deposition testimony, affidavits, and the parties' answers to interrogatories and requests for admissions (doc. nos. 33-13, 33-14, 33-17). Evonik Rohmax defendants move for summary judgment (doc. no. 31)

---

[1] Generally, decisional principles of Title VII and PHRA are the same for purposes of summary judgment. See Burton v. Teleflex Inc., 707 F.3d 417, 432 (3d Cir. 2013) ("the PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently") (citations and internal quotation marks omitted); see also Roney v. Allegheny Intermediate Unit, No. 2:12-cv-832, 2013 WL 3990818, at *3 (W.D. Pa. Aug. 5, 2013) (PDA and PHRA claims analyzed under federal standards); Turevsky v. FixtureOne Corp., 904 F. Supp. 2d 454, 463-64 (E.D. Pa. 2012) (same). Here, the PHRA claims do not present issues requiring specific consideration; and the claims have been analyzed under Title VII's standards.

asserting that there are no genuine issues of material fact to support a a verdict for plaintiff. Fed. R. Civ. P. 56. Plaintiff McGuire: the record discloses triable disputes as to all of the claims contained in the complaint.[2]

Inasmuch as this is a motion for summary judgment, the facts must be viewed most favorably to the nonmoving party and all inferences drawn in that party's favor. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 772-73 (3d Cir. 2013); Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 362 (3d Cir. 2008), cert. denied, 555 U.S. 1013 (2008). "In determining whether the dispute is genuine, the court's function is not to weigh the evidence or determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009); Montone v. Jersey City, 709 F.3d 181, 191 (3d Cir. 2013) ("court may not make credibility determinations").

Defendants' materials do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(B). The record presents conflicting evidence as to the knowledge and intent of the parties and witnesses. Deposition testimony and affidavits present different versions of crucial events and conversations. Importantly, whether the stated reasons for plaintiff's discharge were legitimate or mere pretext also necessitates credibility determinations not

---

[2] The complaint alleges that defendants terminated plaintiff's employment because of her pregnancy and related medical conditions as well as her gender – all in violation of Title VII, the PDA, and the PHRA. Two theories of sex discrimination are asserted – disparate treatment and harassment that created a hostile workplace environment. Also alleged is that defendants interfered with plaintiff's rights under the FMLA; further, that defendants retaliated against plaintiff in violation of Title VII and the FMLA. Compensatory and punitive damages are claimed. For the disputed facts in this case, see defendants' statement of facts (doc. no. 31-1 at 2-14) and plaintiff's counter-statement of facts (doc. no. 33 at 2-21).

allowable on summary judgment.  Resolution of these issues is for the factfinder.  Plaintiff has the right to have a jury decide the facts and the outcome of this case.

Next Rule 16 conference:  Thursday, September 12, 2013 at 11 a.m. by telephone with counsel for plaintiff to initate the call (chambers (215) 580-2030)).

- Trial scheduling.

BY THE COURT:

/s/  Edmund V. Ludwig
Edmund V. Ludwig, J.